UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-192-H

VICTORIA WRIGHT                                                            PLAINTIFF

V.

PILOT TRAVEL CENTERS                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Victoria Wright ("Plaintiff") filed suit against Pilot Traveler Centers, LLC ("Defendant") alleging that she suffered injuries due to the unsafe condition of Defendant's premises and due to the lack of warning relating to the condition of these premises. Defendant has moved for summary judgment on the grounds that it exercised reasonable care, and that the conditions in question were open and obvious and out of its control.

I.

Plaintiff's claim arises out of a slip and fall she suffered January 3, 2009 at Defendant's gas station in Lebanon Junction. At approximately 11:00 p.m., Plaintiff drove into the Pilot gas station. It was a wet day in the Louisville area, reports record 0.23 inches of rain, creating slippery conditions in the fueling station.. Defendant's gas station offers a canopy over the gas pumps and was described by Ms. Wright as "well lit." Plaintiff exited her vehicle and entered the store to purchase a few items. Upon return, she opened the driver's side door to obtain her credit card.

As Plaintiff walked around the car to begin fueling, she slipped between the car and the

gas pump. Plaintiff recalls falling into what she describes as a, "build-up of grease, grime, gas, and God knows what else." Plaintiff cannot confirm nor deny that she slipped on the substance but is sure that she fell into the substance because it appeared on her clothes. Plaintiff hit her wrist on the concrete riser, and experienced severe pain.

Ms. Wright got up, walked into the store and informed the cashier who provided ice, Tylenol, and offered to call an ambulance. Plaintiff respectfully declined the offer and called her son to pick her up from the gas station. Within the next forty minutes she filled out an accident report and waited for her son. Plantiff's son later took her to the emergency room at Jewish Hospital where she was diagnosed with a wrist fracture.

This lawsuit followed a little over a year later and at the completion of discovery Defendant filed this motion. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed.Rule Civ. Proc. 56(c). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party." *Little v. BP Exploration & Oil Co.,* 265 F.3d, 357, 361 (6th Cir. 2001).

II.

Both parties agree that Plantiff was an invitee. Where an invitee establishes that a foreign substance on a proprietor owes the invitee the duty to exercise reasonable care to discover the dangerous condition and to correct it or warn invitees about its existence. *Lanier v Wal-Mart Sore, Inc.,* 99 S.W. 3d 431, 435-437 (Ky, 2003). An invitee has the initial burden of proving that a foreign substance or object on the floor was a substantial factor in causing her accident and

injury. *Id.* at 435. Satisfying this initial burden imposes a rebuttable presumption of negligence, *i.e.*, the exercise of reasonable care to the proprietor" *Id.* at 437.

Plaintiff's testimony alone meets her initial burden. Plaintiff believes that it appeared to be a build-up of multiple substances. The store manager, Rodney Walker, also says that the substance at question was possibly "grease or something." Both agree that a foreign substance of some kind was present around the area in which Ms. Wright fell. Whether that substance caused Plaintiff to fall is less easily answered. Plaintiff is not sure about the role of the substance in her fall. However, the presence and location of the substance leads her to conclude that it was causative. Regardless, a jury could find that Plaintiff slipped on a build up of grease, rather than the wet surface. On the other hand, should the jury fail to find that Plaintiff slipped on grease or conclude that Plaintiff slipped on water, then Defendant would have no liability. Either is possible.

The Kentucky Supreme Court has recently discussed many of these issues in *Kentucky River Medical Center v. McIntosh,* 319 S.W.3d 385 (Ky. 2010). How these principles apply here is not certain. Several considerations make a successful result for Plaintiff quite problematic. First, Plaintiff has a duty of due care for her own safety. This would include an obligation to watch her step in an outside area where oil or grease might be known to exist, and to recognize open and obvious hazards. Moreover, Defendant certainly has a great deal less control over the conditions at a gas pump, than a convenient store owner exerts over the interior of a store. Even if Defendant could have foreseen the occasional accumulation of grease, it is unclear the precise nature of its duty to police it. Though Defendant is not bound to ensure the safety of its invitees, the Court concludes that a reasonable jury could find the Defendant's duty extends to these

circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED

.

cc: Counsel of Record